MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Jeffrey B. Deward,**<br><br>                          **Plaintiff,**<br>v.<br><br>**City of New York, Police Officer Richard Collyer (Shield #24556), Police Officer Gregory Urcinoli (Shield #8446), Sergeant David MacDonald (Shield #5041),**<br><br>                          **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:14-CV- 3697 (FB)(VVP) |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York, Police Officers Richard Collyer, Gregory Urcinoli and Sergeant David MacDonald alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for Officer Gregory Urcinoli and Sergeant David MacDonald's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Jeffrey B. Deward ("Plaintiff" or "Mr. Deward") is a resident of Kings County in the City and State of New York.

6. Plaintiff Jeffrey B. Deward is a forty seven (47) year old African-American man without any criminal record.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on May 19, 2014. The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. The Incident which is the subject of the instant Complaint took place at or about 7PM on May 19, 2014, in East Flatbush, Brooklyn, NY and at or near Avenue D and Nostrand Avenue.

10. At the above mentioned time and place, Plaintiff was lawfully driving and operating his 2011 Jeep Grand Cherokee which he leased from the auto dealership and which he has neither altered nor modified in any way.

11. At the above mentioned time and place, Plaintiff had not committed any traffic infractions or violations to warrant his being stopped and therefore, Police Officers Richard Collyer and Gregory Urcinoli were without probable cause to stop Plaintiff in the first instance.

12. At the aforementioned time and place, as more specifically set forth in ¶9 above, Police Officers Richard Collyer and Gregory Urcinoli began following Plaintiff and eventually signaled for Plaintiff to pull over to the side of the road.

13. Plaintiff complied with orders of Police Officers Richard Collyer and Gregory Urcinoli and pulled his vehicle off to the side of the road.

14. Police Officers Richard Collyer and Gregory Urcinoli who stopped Plaintiff then radioed for "back-up" and ten-twelve (10-12) additional NYPD agents arrived on the scene.

15. Police Officers Richard Collyer and Gregory Urcinoli explained to Plaintiff that the reason they stopped him was because the tint on his windows was too dark.

16. Next, Plaintiff began to record the unfolding Incident with his cell phone which apparently angered the NYPD Officers.

17. As such, Police Officers Richard Collyer and Gregory Urcinoli yanked Plaintiff out of his vehicle and explained to him that he was being a "wise-ass."

18. Once out of his vehicle, Sergeant David MacDonald, who had arrived on the scene, grabbed Plaintiff's cell-phone and took the Secure Digital Card ("SD Card") from Plaintiff's cell phone which had stored the video footage of the Incident as Plaintiff was recording it.

19. Plaintiff was then placed under arrest and the handcuffs that placed on Plaintiff were excessively tight and hurting him.

20. Plaintiff asked Police Officer Richard Collyer to loosen the excessively tight handcuffs but Plaintiff's request in this regard was denied.

21. As a result of the excessively tight handcuffs that had been placed on Plaintiff, Plaintiff had marks on his wrists for a period of no less than two (2) days and was caused pain from the excessively tight handcuffs.

22. Plaintiff was transported to the 67th Precinct and once there, Police Officer Richard Collyer explained to Plaintiff, in sum and substance, "Now you're in my house," "You can't talk shit anymore," and "You're not going home."

23. After spending about three and one-half (3 ½) hours at the precinct, Plaintiff was transported to Central Booking to await arraignment.

24. At his Criminal Court arraignment, Plaintiff learned that the Defendants had charged him with violating NY PL§195.05 and VTL§375.12, Obstructing Governmental Administration in the 3nd Degree and an equipment violation, commonly referred to as "tinted windows."

25. At arraignment, the matter was adjourned in contemplation of dismissal.

26. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and pain to his wrists which included red marks – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Police Officers Richard Collyer and Gregory Urcinoli violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

30. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and pain to his wrists which included red marks – all to his detriment.

## SECOND CLAIM
*False Arrest*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Police Officer Richard Collyer violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Police Officer Gregory Urcinoli and Sergeant David MacDonald who were present and observed the aforementioned unlawful conduct had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

36. Accordingly, by failing to intervene, Police Officer Gregory Urcinoli and Sergeant MacDonald violated the Fourth, Fifth and Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Police Officer Richard Collyer violated the Fourth and Fourteenth Amendments when he used excessive force in handcuffing Plaintiff.

40. In handcuffing Plaintiff, Police Officer Richard Collyer acted unreasonably in the force he used against Plaintiff and handcuffed Plaintiff unreasonable tightly.

41. Because the handcuffs placed on Plaintiff were so tight, Plaintiff asked that the handcuffs be loosened.

42. Police Officer Richard Collyer ignored Plaintiff's pleas that the handcuffs were too tight and also ignored his request that the handcuffs be loosened.

43. As a result of the excessively tight handcuffs placed on Plaintiff by Police Officer Richard Collyer and as a result of his refusal to loosen them despite Plaintiff's pleas, Plaintiff's wrists were sore and caused to be bruised.

44. The manner in which and the physical force used by Police Officers Richard Collyer and Gregory Urcinoli in yanking Plaintiff out of his vehicle was unreasonable, especially in light of the fact that Plaintiff was unarmed and not even accused of resisting arrest.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *MONELL CLAIM*

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

49. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

50. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

51. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

52. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a

finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

53. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

54. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

55. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

56. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

9

57. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and pain to his wrists which included red marks – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

   a. Compensatory damages against all defendants, jointly and severally;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorneys' fees and costs; and

   d. Such other relief as this Court shall deem just and proper.


Dated: November 13, 2014
       New York, NY

**s/Michael J. Redenburg_____**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)